IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| International Payment Group, Inc., ) | |
| ) | |
| Debtor, ) | |
| _____) | |
| ) | |
| John K. Fort, ) | |
| Chapter 7 Trustee for ) | |
| International Payment Group ) | |
| ) | C/A No. 7:11-3363-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| SunTrust Bank, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

This matter is before the court on Defendant SunTrust's Motion to Withdraw the Reference of claims to the bankruptcy court. (Dkt. # 1). Plaintiff consents to the withdrawal. A hearing on this motion was held on March 12, 2012, and the court took the motion under advisement. After reviewing the motion and arguments of the parties, the court denies the motion for the reasons discussed below.

**Background**

On April 12, 2010, Plaintiff John K. Fort, Trustee in bankruptcy for the debtor International Payment Group, Inc., filed an adversary complaint in the bankruptcy court alleging eight state law claims against Defendant SunTrust Bank: breach of contract accompanied by a fraudulent act, aiding and abetting breach of fiduciary duty, negligence and gross negligence, breach of fiduciary duty, tortious interference with contractual

relations, violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. 39-5-10, et. seq., violation of S.C. Code Ann. § 36-4-102, et seq., and conversion.

In *Stern v. Marshall*, ___ U.S. ___ ,131 S.Ct. 2594 (2011), the Supreme Court held that, while a bankruptcy judge has the statutory authority to enter a final judgment on a debtor's counterclaim pursuant to the plain language of 28 U.S.C. § 157(b)(2)(C), it was unconstitutional for a bankruptcy judge to enter a final judgment on a debtor's state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim. 131 S.Ct. at 2620. In light of *Stern*, the bankruptcy court sua sponte raised the issue of whether it had the constitutional authority to hear the state law claims asserted in the above adversary proceeding as the state law claims at issue here fall into this category. Subsequently, Defendant filed a motion to dismiss due to lack of subject matter jurisdiction.[1]

The bankruptcy court found that the claims asserted by Plaintiff are like the claims asserted in *Stern* - core matters[2] under §157(c)(1) which "are only remotely related and likely unrelated to Defendant's proofs of claims against the estate and there is no reason to believe that the 'process of adjudicating [the] proof[s] of claim would necessarily resolve

---

[1]The court notes that the holding in *Stern* did not involve an analysis of subject matter jurisdiction. *See Stern*, 131 S.Ct. at 2607 ("Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court . . . . [t]hat allocation does not implicate questions of subject matter jurisdiction."). See also *In re Extended Stay, Inc.*, 2011 WL 5532258, at *6 & n. 65 (S.D.N.Y. Nov. 10, 2011) ( "*Stern* is not a decision concerning subject matter jurisdiction.").

[2]Core proceedings are those that either arise under Title 11 or arise in a bankruptcy case. *In re Nichols & Assocs. Tryon Props., Inc.*, 36 F.3d 1093, *3 (4th Cir.1994). "[C]ore proceedings should be given a broad interpretation that is close to or congruent with constitutional limits." *In re Johnson*, 960 F.2d 396, 401 (4th Cir.1992) ("Many courts construe the term 'core proceedings' quite broadly. Indeed, the ambiguity in § 157(b)(2) invites such interpretation with such broadly inclusive language that encompasses proceedings 'affecting the liquidation of assets of the estate' and matters 'concerning the administration of the estate.' ").

[the estate's] counterclaim.'" (Dkt. # 4-12 at 7). Further, as the bankruptcy court noted, while the Defendant's motion sought dismissal based upon lack of subject matter jurisdiction, the motion actually questioned the constitutionality of the referral. (Dkt. # 4-12 at 1). Therefore, citing Fed. R. Bankr. P. 5011(a), the bankruptcy court declined to rule on the motion and instead deferred any further challenge to the referral to this court.[3] (Dkt. #4-12 at 2, 7). Thereafter, Defendant filed the instant motion to withdraw the reference.

## Discussion

United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. §§ 1334(a), (b). Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a). This district has referred all bankruptcy cases to its bankruptcy court. Under 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Thus, § 157(d) contains both a permissive and mandatory component. *In re Marine Energy Sys. Corp.*, 2010 WL 680328 (D.S.C. 2010)(unpublished). Defendant argues that withdrawal is mandatory because of the holding in *Stern*.[4]

Defendant contends that pursuant to *Stern,* the bankruptcy court lacks the

---

[3] Rule 5011 provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."

[4] In its withdrawal motion, Defendant did not raise or discuss the specific factors relevant to permissive withdrawal in its motion. Rather, Defendant's motion is based entirely on its conclusion that *Stern* mandates a withdrawal. Therefore, the court will not engage in a discussion of whether permissive withdrawal is appropriate. In any event, the court does not believe that permissive withdrawal would be appropriate in this case.

constitutional authority to decide Plaintiff's state law claims. The court rejects this interpretation of the holding in *Stern*. While pursuant to *Stern*, the bankruptcy court cannot enter a final judgment on the state law claims, the court does not believe that *Stern* precludes the court from allowing the pretrial proceedings to be handled by the bankruptcy court. The Court finds the bankruptcy court has authority to enter proposed findings of fact and conclusions of law on the state law claims, and thus, mandatory withdrawal of the reference is not required.

The bankruptcy code specifically provides that a bankruptcy court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to de novo review, in a proceeding "that is not a core proceeding." 28 U.S.C. § 157(c)(1) (emphasis added). However, since fraudulent conveyance matters, such as those at issue here, are expressly "core" matters under 28 U.S.C. § 157(b)(2)(H), there is no explicit comparable authority to follow a similar procedure.

At least one bankruptcy court initially determined that it had "no statutory authority to render findings of fact and conclusions of law for core proceedings that it may not constitutionally hear." *Samson v. Blixseth (In re Blixseth)*, 2011 WL 3274042, at *12 (Bankr. D. Mont. Aug. 1, 2011) (holding it had no authority to enter proposed findings of fact and conclusions of law on a "core" fraudulent conveyance claim).[5] However, this court joins the majority of courts that have since concluded that *Stern* did not eliminate the ability

---

[5]Recently, the bankruptcy court amended its earlier ruling in *In re Blixseth*. *In re Blixeth*, 2012 WL 10193, at *8–10 (Bankr.D.Mont. Jan. 3, 2012) ("The Court sua sponte amends its August 1, 2011, Memorandum of Decision and Order. . . . [S]everal courts have recently concluded that *Stern v. Marshall* does not deprive bankruptcy courts of subject matter jurisdiction . . . . [B]ecause the United States District Court for the District of Montana would have the requisite subject-matter jurisdiction to adjudicate the claims in this Adversary Proceeding, so too does this Court.").

of bankruptcy courts to issue proposed findings and conclusions of law. *See McCarthy v. Wells (In re El–Atari),* 2011 WL 5828013, at *3 (E.D.Va. Nov.18, 2011) (holding in core matters related to a case under title 11 the bankruptcy court retains the authority to submit proposed findings of fact and conclusions of law to the district court); *Field v. Lindell (In re Mortg. Store, Inc.)*, 2011 WL 5056990, at *5–6 (D.Hawai'i Oct. 5, 2011) (holding "that Congress, if faced with the prospect that bankruptcy courts could not enter final judgments on certain 'core' proceedings, would have intended them to fall within 28 U.S.C. § 157(c)(1) granting bankruptcy courts authority to enter findings and recommendations."); *Paloian v. Am. Express Co (In re Canopy Fin., Inc.)*, 2011 WL 3911082, at *3–4 (N.D.Ill. Sept. 1, 2011) (holding "the [*Stern*] Court at least implied that the effect of its decision was to 'remove' certain claims from 'core bankruptcy jurisdiction,' and to relegate them to the category of claims that are merely 'related to' bankruptcy proceedings and thus subject to being heard, but not finally decided, by bankruptcy courts."); *JustMed, Inc. v. Bryce (In re Byce)*, 2011 WL 6210938, at *4 (D.Idaho Dec.14, 2011) (stating "[a] majority of district courts considering the issue hold that the bankruptcy courts retain the power to enter proposed findings and recommendations."); *Levey v. Hanson's Window & Constr., Inc.* (*In re Republic Windows & Doors, LLC*), 460 B.R. 511, 2011 WL 6157342 (Bankr.N.D.Ill. Dec.12, 2011) (noting that "[n]othing in [the *Stern*] decision can be read to preclude this Court from submitting proposed findings of fact and conclusions of law to the district court."); *D&B Swine Farms, Inc v. Murphy-Brown, LLC (In re D&B Swine Farms, Inc*.), 2011 WL 6013218, at *2 (Bankr.E.D.N.C. Dec.2, 2011) (rejecting *Blixseth* holding that bankruptcy court has no statutory authority to render proposed findings and conclusions); *Reed v. Linehan (In re Soporex)*, 2011 WL 5911674, at *5 (Bankr.N.D.Tex Nov. 28, 2011)(holding that "*Stern* did not strip the bankruptcy courts of the authority to hear these

5

types of claims and to propose findings of fact and conclusions of law to the district court for de novo review."); *Goldstein v. Eby-Brown, Inc. (In re Universal Mktg., Inc.)*, 459 B.R. 573, 578 (Bankr.E.D.Pa. 2011) (declining to follow *Blixseth*); *Heller Ehrman, LLP, v. Arnold & Porter (In re Heller Ehrman, LLP)*, 2011 WL 4542512, at *6 (Bankr.N.D.Cal. Sept. 28, 2011).[6]

Even where the parties have a right to a jury trial, immediate withdrawal is not required.

> [T]he mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

*In re El-Atari*, 2011 WL 5828013 * 6 (internal citations omitted). "*Stern* creates no impediment to so doing . . . and the reference can readily be withdrawn when the case is trial-ready if the parties still do not consent to allow the Bbankruptcy Court to preside at trial. In this sense, the district court would be using the Article I Bankruptcy Judge in the same manner as it routinely employs Article I Magistrate Judges: to supervise discovery, rule on non-dispositive motions, and report and recommend on dispositive motions." *Dev. Specialists, Inc., v. Orrick, Herrington & Sutcliffe, LLP*, 2011 WL 6780600 * 4 (S.D. N.Y. Dec. 23, 2011)(internal citation omitted).

Accordingly, the reference of this adversary proceeding shall remain with the

---

[6]Additionally, the court notes that at least three districts, the Southern District of New York, the Southern District of Florida and the District of Delaware, recently issued standing orders giving bankruptcy courts explicit authority to issue proposed findings and conclusions of law in connection with core matters that are found to fall within the *Stern* holding.

bankruptcy court as to all pretrial matters, including dispositive motions, such as motions for summary judgment, which the bankruptcy court may handle by submitting proposed findings of fact and conclusions of law to the district court.

## Conclusion

For the foregoing reasons, Defendant's Motion to Withdraw Reference to the bankruptcy Court (Dkt. # 1) is **DENIED.**  The parties have submitted separate proposed Scheduling Orders.  The Clerk shall transmit these proposed Orders to the Bankruptcy Court.  The Clerk is directed to close this case. When any proposed findings of fact and conclusions of law are ready for review by the district court or the claims are ready for trial, a new case may be opened in the district court at that time.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
April 2, 2012